UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD S. DYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:09CV1062 HEA |
| | ) |
| BRIAN MURPHY, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, or, Alternatively, for Summary Judgment, [Doc. No. 12]. Plaintiff opposes the Motion and the parties have submitted affidavits and materials outside the pleadings. Therefore, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Motion is considered as one for summary judgment. For the reasons set forth following, the Motion is granted.

On July 6, 2009, Plaintiff filed this action under 42 U.S.C. § 1983 against Defendants alleging violations of his constitutional rights. Defendants are sued in their official and individual capacities. Defendants now move for summary judgment claiming that they are entitled to immunity in their official capacities and

that Plaintiff has failed to exhaust his administrative remedies.

## Facts and Background

Plaintiff is an offender in the custody of the Missouri Department of Corrections. Plaintiff claims that Defendants violated his rights under the Eighth Amendment to the United States Constitution when they refused to move him to a cell on the bottom floor of his housing unit after showing them a medical "lay-in," which is a physician issued document that contains restrictions on an offender's placement and activities necessary because of a medical condition. The medical lay-in contained the restriction "no high places." Plaintiff claims that Defendants are responsible for injuries he sustained when he allegedly fell down a flight of stairs.

The Missouri Department of Corrections Procedure Manual establishes a three-stage grievance procedure which requires inmates to first file an Informal Resolution Request, (IRR), then an Offender Grievance, (Grievance), and finally, an Offender Grievance Appeal, (Grievance Appeal). Plaintiff's Complaint claims to have exhausted his remedies through the following grievance numbers: SECC-09-129, SECC-09-312 and ERDCC-09-524.

### SECC-09-129

On January 26, 2009, Plaintiff filed an IRR claiming that his due process rights were denied during a conduct violation issued for lifting weights in contravention of his medical lay-in. Contained within Plaintiff's IRR, on page 10, Plaintiff references an IRR of October 24, 2008. Plaintiff states that in the event the "CDV is not expunged" he would pursue the grievance to a higher level, "(just as the failure to respond to [his] IRR of 10-24-08 has resulted in [his] raising the inextricably-intertwined points [of Issue # (2)] of [his] grievance for filed [this same date] in regards to the discrepancy in CMS-MODOC policy/procedure--which was responsible for my fall/injuries of 10-27-08."

SECC-09-312

On February 24, 2009, Plaintiff filed an IRR, SECC-09-312, claiming that there was a deliberate failure to communicate between CMS-MODOC, which "purposely subject [sic] Dykes to additional discipline (by DOC staff/officers) and falsely portray [sic] Dykes as a culprit (of exaggeration and malingering) rather than a victim of injury. These deliberate tactics of deceit by CMS staff/physicians and DOC staff/officers have thus far attempted to falsely portray Dykes" as having refused pain meds, disobeying an order and not showing up for three appointments.

Plaintiff refers, within SECC-09-312, to his IRR ERDCC of 10-24-08

regarding his claim that he had a medical lay-in stating "no high places."

Plaintiff filed a Grievance Appeal on June 11. 2009 appealing the response he received from his Grievance. At the time he filed his Complaint, Plaintiff had not received a response to his Grievance Appeal.

ERDCC-09-524

Department Procedure D5-3.2III K states that "[a]ny offender who wishes to file an informal resolution request. . . should do so within 15 days form the date of the alleged incident."

Plaintiff claims that Defendants Prier and Memhardt denied his request to move to a cell on the lower floor on September 12, 2008. Plaintiff claims that Defendant Montgomery denied his request to move to a cell on the lower floor on September 16, 2008, and that Defendant Murphy denied his request to move to a lower floor on October 6, 2008. Plaintiff did not file an IRR regarding any of these denials within 15 days from the denials.

Plaintiff avers that he attempted to file an IRR on October 22, 2008; Defendants have submitted the affidavits of Jerry Bingham and Jerry Jackson that Plaintiff did not file an IRR on October 22, 2008.

Plaintiff alleges that he fell down a flight of stairs on October 27, 2008.

Plaintiff did not file an IRR at the Eastern Reception Diagnostic and Rehabilitation Center (ERDCC) regarding Defendant's denial of his request to be moved to a lower floor.

Plaintiff's Transfer from ERDCC to SECC

Department Policy D5-3.2,L, 19 states that "[offenders who wishes to file a complaint against the institution from which the offender was transferred shall bypass the informal resolution request process and shall file a grievance within 15 calendar days of the transfer date."

On November 20, 2008, Plaintiff was transferred from ERDCC to SECC. Plaintiff filed an Offender Grievance regarding ERDCC-09-524 on January 20, 2009. Thus, Plaintiff did not file a grievance within 15 calendar days from his transfer.

Under Department Policy D5-3.2, K, 1, a, (1), only one complaint may be addressed on each grievance form. Plaintiff filed a 17 page grievance, which complained of multiple issues and made numerous requests. On April 4, 2009, ERDCC medical staff responded to Plaintiff's Grievance ERDCC-09-524 by informing him that Department policy limited one complaint per grievance, and informed him that the staff could not determine Plaintiff's issue.

Plaintiff filed his grievance appeal on May 4, 2009. In this appeal, Plaintiff stated that he limited his complaint/request to a single issue of a request for

neurology consult.

In response to the Appeal, the ERDCC medical staff informed Plaintiff that his previous grievance was not filed at SECC within 15 days of his transfer from ERDCC to SECC as required by Department Policy.

## Discussion

### Standard of Review

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Myers v. Lutsen Mtns. Corp.*, 587 F.3d 891, 893 (8th Cir.2009). If a nonmoving party has failed to establish the existence of an element of that party's claim, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)" *Cole v. Homier Distributing Co., Inc.,* 2010 WL 1171741, 6 (8th Cir. 2010). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex,* 477 U.S. at 322; *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported

self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008). While the moving party bears "the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings," the

discovery, disclosure materials and affidavits "which it believes demonstrate the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323 it is incumbent on the party with the burden of proof at trial to present sufficient evidence to establish the elements essential to its claims. See Celotex, 477 U.S. at 322-23. Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[ ] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.' " *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1003-04 (8th Cir.2005) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992)).
*Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 742 -743 (8th Cir. 2009).

## Eleventh Amendment Immunity

Plaintiff's Complaint seeks monetary damages against Defendants in their official and individual capacities. A suit against a state actor in his official capacity is "tantamount to a lawsuit against the state." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Eleventh Amendment immunizes the states from suit, thus, neither a state nor its officials acting in their official capacities are "persons" under § 1983 when sued for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, Defendants are entitled to judgment on Plaintiff's claims against them in their official capacities.

## Exhaustion of Administrative Remedies

Defendants argue that they are entitled to summary judgment because Plaintiff failed to fully and properly exhaust his administrative remedies. The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007)("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.*, at 211; see also *Woodford v. Ngo*, 548 U.S. 81-89-91 (2006). The Eighth Circuit has clarified that the PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. See *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir.2000). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the

initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Available grievance procedures must be exhausted even if the relief the inmate seeks under § 1983 was not available through those procedures. *Booth v. Churner*, 532 U.S. 731, 737-41 & n. 6 (2001); *King v. Iowa Dept. of Corrections,* 598 F.3d 1051, 1052 -1054 (8th Cir. 2010).

"In *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S.Ct 2378, 165 L.Ed2d 368 (2006), the Supreme Court held that § 1997e(a) requires 'proper' exhaustion, that is, 'a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" *King*, 598 F.3d at 1053.

To fully exhaust administrative remedies, within the MDC, a prisoner must file: (1) an informal resolution within 15 working days of the incident; (2) an offender grievance; and (3) the grievance appeal. Additionally, the MDC's policies require that the process be completed within certain time frames and must comply with procedural rules.

In Grievances SECC-09-129 and SECC-09-312, Plaintiff does not complain that he was improperly denied a cell on the lower level. He complains of an allegedly improper conduct violation for lifting weights, (SECC-09-129) and of an attempt to characterize him as a malingerer, (SECC-09-312). Although there are references to his claims that the medical lay-in was not followed, Plaintiff does not

complain in either of these grievances that this is the issue with respect to which he was filing the grievance.

Moreover, Plaintiff did not file his IRR within 15 days of notifying Defendants that his medical lay-in required a lower floor cell. There is no dispute as to when Plaintiff notified Defendants, and neither of his grievances were filed within 15 days from that notification, as required by D5-3.2, K, 1.

With respect to Grievance ERDCC-09-524, Plaintiff failed to file the grievance within 15 days of being transferred from ERDCC to SECC. Plaintiff was transferred on November 20, 2008, but did not file ERDCC-09-524 until January 20, 2009.

Defendants correctly argue, even assuming Plaintiff's IRRs and Grievances were timely filed, Plaintiff failed to follow the proper procedures by limiting his issues to one issue per grievance form. The requirement that each issue be raised on a separate form serves the important function of allowing the prison officials to evaluate and investigate the grievance in order to respond to the grievance effectively. Plaintiff's grievance is seventeen pages long. While Plaintiff may have referred to his complaint that he was not given a cell on a lower level, this reference is in no way indicative of being Plaintiff's particular grievance.

The Court concludes therefore, that Plaintiff's IRRs and Grievances were not properly exhausted for two reasons. First, they were not timely filed. Because of

this, they were not in compliance with the MDC's procedural requirements. See *Jones*, 549 U.S. at 218 (holding that a prisoner must exhaust his administrative remedies in accordance with the prison's procedural requirements).

Secondly, Plaintiff failed to specify one issue in ERDCC-09-524, and in his IRRs, Plaintiff did not include the issue of a lower floor cell. Alluding to the problem is insufficient to satisfy the requirements that one issue per form is the policy. Defendants could not ferret through Plaintiff's IRRs in order to ascertain that Plaintiff was seeking a lower floor cell. Defendants are entitled to judgment as a matter of law.

### **Conclusion**

Plaintiff's claims against Defendant in their official capacities are dismissed under the Eleventh Amendment. Plaintiff failed to follow the proper procedures for filing his grievance that Defendants were in violation of the medical lay-in which required no high places and a lower floor cell. As such, he did not property exhaust his administrative remedies. Defendants are therefore entitled to summary judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 12] is GRANTED.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 3rd day of June, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE